UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. FREEMAN,

    Plaintiff,                               Case No.
                                                 Hon.

v

HENKEL CORPORATION, a
Delaware Corporation,

    Defendant.

James K. Fett (P39461)
Fett & Fields, P.C.
407 N. Main St., 2nd Floor
Ann Arbor, MI  48104
734-954-0100
Fax: 734-954-0762
jim@fettlaw.com
Attorneys for Plaintiff

# PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff James Freeman, through his counsel, Fett & Fields, P.C., states the following claims against Defendant:

## NATURE OF CLAIM

1.    This is an action brought for sex discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), *MCL § 37.2101, et. seq.*; Plaintiff will amend this complaint to include a Title VII gender discrimination claim upon receipt of a right to sue letter from the EEOC.

## JURISDICTION AND PARTIES

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1332.

3. The events giving rise to this cause of action occurred in the Eastern District of Michigan.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

5. Plaintiff James Freeman ("Plaintiff") is a Sales Director at Defendant's Madison Heights, Michigan location, and a resident of Michigan.

6. Defendant Henkel Corporation, ("Defendant") is a Delaware Corporation and is headquartered in Connecticut.

## FACTS

7. Defendant Henkel Corporation is a global industrial and consumer chemical business.

8. Plaintiff began his employment with Defendant in 2001.

9. Plaintiff is an exemplary employee and has been promoted several times, eventually obtaining the position of Sales Director, which he currently holds.

10. Unfortunately, Defendant has implemented illegal, discriminatory policies with regard to hiring and promotional decisions.

11. Under Defendant's "Gender Parity Ambition", Defendant has set a quota of increasing its female representation in top management by ten percentage points.

12. Defendant has also set a quota of fifty percent females for lower management levels.

13. To achieve these quotas, Defendant carefully curates each aspect of the hiring and promotional process.

14. Moreover, Defendant mandates its management to hire or promote female employees without regard to merit.

15. Indeed, Plaintiff and others have been mandated to hire female employees without regard to merit on numerous occasions.

16. Defendant also discriminates based on sex in regard to compensation.

17. In fact, in May 2024, Defendant requested Plaintiff hire a female subordinate based on sex, not merit, at a pay range equal to his own.

18. Plaintiff opposed giving such gender preferences.

19. Plaintiff was then denied a pay increase and otherwise discriminated in regard to compensation as compared to similarly situated members of a different sex.

20. In November of 2024, Plaintiff applied for the position of Director of Application Engineering.

21. Amongst the requirements for the position were:

3

    a.    "Extensive experience (10+years) leading large, cross-functional teams at a director level, including managing senior leaders and influencing global/regional strategies."; and

    b.    "Deep technical knowledge, with the ability to guide strategy and innovation within adhesives, coatings, or related industries, while delegating tactical problem-solving to your senior team. Bachelor's degree in a technical field required."

22. Plaintiff possesses both the experience and technical degree required for the possession.

23. Indeed, Plaintiff was the most qualified candidate for the position.

24. However, a female candidate was selected for the position.

25. The female candidate does not possess the experience or degree required by the job description.

26. Defendant deviated from the job description and awarded the female candidate the position over Plaintiff because of gender.

## COUNT I
## SEX DISCRIMINATION
## (MCL § 37.2202)

27. Plaintiff incorporates by reference the preceding paragraphs.

28. Plaintiff is a male.

29. At all times Plaintiff was a high performing employee.

30. Defendant denied Plaintiff a promotion and otherwise discriminated against him with respect to terms and conditions of employment, including compensation.

4

31. Plaintiff's gender was *a* factor, if not the factor, for the discriminatory employment actions.

32. As a proximate result of Defendant's unlawful conduct against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant providing for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees as provided by MCL § 37.8202;

    e. Exemplary damages; and

    f. Such other equitable relief as the Court deems just.

## COUNT II
## RETALIATION
## (MCL § 37.2701)

33. Plaintiff incorporates by reference the preceding paragraphs.

34. Plaintiff engaged in protected activity under the Elliot-Larsen Civil Rights Act, MCL § 37.2701 when he opposed violations of ECLRA to Human Resources.

35. Defendant was aware of Plaintiff's protected activity.

36. Defendant subjected Plaintiff to numerous adverse actions because of his protected activity, including denial of a pay raise and denial of promotion.

37. Defendant's conduct on this basis violates MCL § 37.2701 of the Elliott-Larsen Civil Rights Act.

38. As a proximate result of Defendant's unlawful conduct against Plaintiff as described above, Plaintiff has sustained, and will continue to sustain, injuries, and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress and the physical manifestations of those injuries.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant providing for:

    a. Economic damages;

    b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation he has suffered, and continues to suffer, as a result of Defendant's illegal actions;

    c. Costs, interest and reasonable attorney fees as provided by MCL § 37.8202;

    e. Exemplary damages; and

    f. Such other equitable relief as the Court deems just.

                        Respectfully submitted,

                        */s/ James K. Fett*
                        By:  James K. Fett (P39461)
                        Fett & Fields, P.C.
                        407 North Main Street, 2nd Floor
                        Ann Arbor, MI 48104
                        734-954-0100
                        jim@fettlaw.com
Dated: January 27, 2025       Attorneys for Plaintiff

## **JURY DEMAND**

NOW COMES Plaintiff James Freeman, through his counsel Fett & Fields, P.C., and hereby demands trial by jury in the above-captioned matter.

                                        Respectfully submitted,

*/s/ James K. Fett*
By: James K. Fett (P39461)
Fett & Fields, P.C.
407 North Main Street, 2nd Floor
Ann Arbor, MI 48104
734-954-0100
jim@fettlaw.com

Dated: January 27, 2025                Attorneys for Plaintiff